UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRANDON DYESS                                                                                    PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:25-cv-326-CWR-ASH

ENTERGY MISSISSIPPI, LLC                                                                        DEFENDANT

ORDER

Defendant Entergy Mississippi, LLC (EML) asks the Court to stay all proceedings, including discovery, in this employment-discrimination case pending a ruling on its motion to dismiss. Def's Mot. to Stay [12]. For the reasons explained below, the Court grants the motion to the extent that all discovery is stayed and the Telephonic Case Management Conference and related deadlines are canceled until further order of the Court. But the Court otherwise denies the motion because it is unnecessary to stay all proceedings.

I.      Facts and Procedural History

Dyess had been employed by EML as a lineman, but on November 12, 2024, EML terminated his employment. He filed a charge of racial discrimination with the EEOC on February 1, 2025. After receiving a right-to-sue letter, Dyess filed this lawsuit. In his complaint, Dyess asserts he was fired because of his race in violation of Title VII and 42 U.S.C. § 1981.

EML filed its motion to dismiss [8] on July 29, 2025. In it, EML argues Dyess has failed to plead a plausible claim for race discrimination. In short, EML contends Dyess's complaint never alleges racial discrimination. On the contrary, Dyess claims EML accused him of racial discrimination in the workplace to disguise EML's true reason for firing him: to retaliate against Dyess for reporting a safety violation by a member of management.

1

EML filed its motion to stay [12] on August 7, 2025. Plaintiff filed a response [16], and EML filed a reply [18].

II.     Analysis

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990). A stay of discovery may be appropriate pending a ruling on a motion to dismiss because "(1) such motions are decided based on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery." *Vanderlan v. Jackson HMA, LLC*, No. 3:15-CV-767-DPJ-FKB, 2017 WL 9360854, at *1 (S.D. Miss. Dec. 22, 2017) (quoting *Dowdy & Dowdy P'ship v. Arbitron Inc.*, No. 2:09-CV-253-KS-MTP, 2010 WL 3893915, at *1 (S.D. Miss. Sept. 30, 2010).

Federal Rule of Civil Procedure 26 also authorizes the issuance of protective orders limiting discovery. Under that Rule, a court "may, for good cause, issue an order to protect a party or person from . . . undue burden or expense . . . ." Fed. R. Civ. P. 26(c). "'Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced.'" *Vanderlan*, 2017 WL 9360854, at *1 (quoting *Dowdy & Dowdy P'ship*, 2010 WL 3893915, at *1; *Spencer Trask Software & Int' Servs., LLC v. Rpost Int'l Lim.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).

Although the court possesses authority to stay discovery pending a ruling on a motion to dismiss, "the issuance of [a] stay is by no means automatic." *Von Drake v. Nat'l Broadcasting Co., Inc.*, No. 3:04-CV-652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (quoting *Spencer Trask Software*, 206 F.R.D. at 368). Rather, the decision "is committed to the sound discretion of the trial court." *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (quoting

2

*Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). Indeed, "[s]uch a stay is the exception rather than the rule." *Young v. State Farm Fire & Cas. Co.*, No. 2:23-CV-175-KS-MTP, 2025 WL 1415890, at *2 (S.D. Miss. May 15, 2025) (citing *LeCroy v. Canon, U.S.A., Inc.*, 2021 WL 5284135, at *1 (N.D. Tex. Apr. 7, 2021)).

EML's motion to dismiss satisfies both factors relevant to granting a stay: it can be decided based solely on the content of the complaint and, if granted, will dispose of the case. *See Vanderlan*, 2017 WL 9360854, at *1. As to need to look outside the complaint to resolve the motion to dismiss, EML asserts that "Dyess fails to state a claim because he does not allege facts that show EML terminated his employment due to his race." Def.'s Memo. [9] at 6. This argument will be resolved by reference solely to the complaint. *See Delancey v. MedAmerica Insurance Co.*, 248 F.Supp.3d 782, 784 (S.D. Miss. Mar. 31, 2017) ("The plaintiff's claims must also be plausible on their face, which means there is 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). And because EML seeks dismissal under Rule 12(b)(6), the allegations of the complaint will be accepted as true. As such, no discovery will be required for the Court to rule on the pending motion to dismiss.[1] *See Vanderlan*, 2017 WL 9360854 at *1 (granting a motion to stay under similar circumstances).

EML's motion also seeks dismissal of all of Dyess's claims and would, if granted, dispose of the entire case and avoid the need for any discovery. *See Von Drake*, 2004 WL 1144142, at *1 (granting a stay of discovery pending the resolution of a motion to dismiss). What then of the likelihood that EML's motion to dismiss will be granted? Both parties raise competing arguments

---

[1] Indeed, considering matters outside of the pleadings would be improper absent conversion of the motion to one for summary judgment.

about the strength of EML's motion. Dyess argues he has stated a prima facie case because he has alleged disparate treatment creating an inference of discrimination. But EML contends Dyess's factual allegations—that EML's true reason for firing him was in retaliation for reporting a safety violation—render his race-discrimination claims implausible. The Court will not prejudge that question for purposes of deciding whether a stay is appropriate except to say that "a cursory review of the motion reveals that defendants have substantial arguments for dismissal of many, if not all, of plaintiff's claims." *Id.* at *2.

Lastly the Court has considered the implications of a stay on Dyess and finds that he will not be prejudiced. *See Vanderlan*, 2017 WL 9360854, at *2 (conducting a prejudice analysis when deciding a motion to stay discovery). Dyess alleges that a stay will "impede [his] ability to gather time-sensitive evidence critical to proving pretext and discrimination." Pl.'s Memo. [17] at 5. This argument is unpersuasive for at least two reasons. First, Dyess fails to point to any concrete basis for prejudice; generalized concerns about delay in obtaining relief or discovery are insufficient. On the contrary, if the motion to dismiss is granted, any discovery the parties conduct will be wasteful and an unnecessary expense. Second, the Court "does not anticipate that the stay of discovery will be lengthy, as it will only be in effect until the Court rules on the pending motion to dismiss." *Vanderlan*, 2017 WL 9360854, at *2. "Once the Court has ruled on [the] motion, the Court will either lift the stay or dismiss the case." *Id.* (citation omitted).

III.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, the Court grants EML's motion to stay in part and denies it in part. It is granted to the extent that all discovery is stayed and the Telephonic Case Management Conference and related deadlines are continued pending a ruling on the motion to

dismiss. It is denied to the extent that the Court declines to stay all proceedings in this matter. The parties are directed to contact the undersigned's chambers within 14 days of a ruling on the pending motion to dismiss to schedule a Telephonic Case Management Conference.

SO ORDERED AND ADJUDGED this the 29th day of August, 2025.

s/ *Andrew S. Harris*<br>
UNITED STATES MAGISTRATE JUDGE